UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 396 |
| v. | Honorable Martha M. Pacold |
| KIAR EVANS | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For his involvement in a violent series of events on May 20, 2021, a federal jury convicted defendant of carjacking, attempted carjacking, brandishing a firearm during and in relation to the carjacking, and possession of a firearm by a convicted felon. For the reasons set forth below, the United States respectfully requests that the Court sentence defendant to a term of imprisonment of 216 months on Counts One and Three (the carjacking counts) and 120 months on Count Five (felon in possession of a firearm) to run concurrently, which is within the advisory Guidelines range of 210 to 262 months' imprisonment, to be followed by a mandatory consecutive sentence of 84 months' imprisonment on Count Four, for a total term of imprisonment of 300 months.

## I.     Advisory Guidelines Calculation

The government agrees with the criminal history calculation set forth in the Presentence Investigation Report (PSR). Defendant's total offense level is 33 and his criminal history category is V, resulting in an advisory Guidelines range of 210 to 262 months' imprisonment, to be followed by a mandatory consecutive seven-year sentence. PSR ¶¶ 103, 106.

1

## II. Application of Section 3553(a) Sentencing Factors

After calculating the Guidelines range, the Court must consider what sentence is appropriate for the individual defendant in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Pankow*, 884 F.3d 785, 793 (7th Cir. 2018). Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing. Considering the Section 3553(a) factors, the government requests that the Court impose a term of imprisonment of 216 months, to be followed by the additional mandatory 84-month consecutive sentence for Count Four, for a total term of imprisonment of 300 months, to be followed by a three-year term of supervised release with the conditions identified in the PSR. The government also requests that the Court order restitution in the amount of $4,642.64, to be paid to the carjacking and attempted carjacking victims, as outlined in the government's restitution spreadsheet. Such a sentence is sufficient, but not greater than necessary to satisfy the statutory sentencing objectives of 18 U.S.C. § 3553(a).

### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant Support a Guidelines Sentence

In aggravation, defendant engaged in violent, terrifying conduct that put the lives of numerous individuals, including himself, in grave danger. After crashing a vehicle he was driving, defendant ran to the passenger-side door of a Chevy Impala, and pulled on the locked passenger-side door, attempting to carjack the vehicle while brandishing a Glock pistol equipped with an extended magazine and a switch, rendering it fully automatic. Unable to open the passenger-side door, defendant fired

at least two shots into the Impala's front passenger window. The glass in the Impala's car window shattered, with the bullets narrowly missing the two victims seated in the car as they drove away. Simply put, defendant's conduct was, at its base, an attempted murder of these two innocent victims.



Undeterred, defendant approached the driver's window of another car, a Nissan Altima, pointed the same firearm at the driver of that car, opened the door, and demanded the driver exit the vehicle. Defendant then entered the Altima and drove off. Several minutes later, as defendant fled the scene and responding officers attempted to curb defendant after a high-speed chase, defendant struck another vehicle. Defendant then drove through a redlight, striking at least two other vehicles, before ultimately crashing and totaling the Nissan Altima, depicted below.



Defendant wielded a gun that had been rendered fully automatic throughout his spree of violence and did not hesitate to use that gun to intimidate his victims and force his will upon them. His selfish actions exhibited a total disregard for the safety and well-being of others; and by sheer luck, none of defendant's victims were seriously injured.

In further aggravation is that these actions were not defendant's first foray into committing crimes. Rather, defendant's criminal history began when he was 15 years old and continued until his arrest in this matter, with convictions for robbery, possession of heroin, and firearms offenses. Defendant has not completed a term of parole without being readmitted to custody on a violation, and was released on parole for less than five months at the time of the instant offense. What's more is that defendant has committed 18 prohibited actions while in custody at the MCC, as outlined in the PSR (¶ 8); and on April 2, 2024, defendant was found with marijuana

and cocaine base hidden in his cell, the specifics of which are outlined in the government's version of the offense.

In mitigation, defendant is 25 years old and had a difficult upbringing marked by a lack of parental or adult supervision. PSR ¶¶ 69-71. Defendant experienced anger and stressors in his life and was forced to grow up much sooner than a child should have to, and defendant coped with those stressors in part by self-medicating with drugs and alcohol. PSR ¶¶ 73, 90-92. Defendant also experienced violent trauma during his childhood, getting shot when he was 15 (and again in 2017 and 2021), and enduring the fatal shooting of his brother, who he was very close to. PSR ¶¶ 73-74, 80-81. Currently, defendant describes that he has trouble managing his anger and that in terms of his mental health, "I'm doing terrible." PSR ¶¶ 86-87. Defendant has three young children and reports that he loves his children deeply. PSR ¶ 75.

On balance, defendant is a young man who has suffered a considerable amount of trauma in his own life. But this mitigation does not—and cannot—excuse defendant's repeated, brazen lack of regard for the law and for the safety of others, as evidenced by the instant offense as well as defendant's criminal conduct before and after the instant offense was committed. The nature and circumstances of the offense and defendant's history and characteristics support an overall sentence of 300 months' imprisonment. Such a sentence will illustrate the seriousness of defendant's crime, while also taking into account the mitigating factors specific to defendant.

5

     B.    <u>A Guidelines Sentence is Necessary to Promote Respect for the Law, Protect the Public, and Afford Adequate Deterrence</u>

Defendant's record, the need for deterrence and respect for the law, and protecting the public similarly require a lengthy prison sentence within the Guidelines range.

As referenced above, the instant offense is not defendant's first, or last, criminal offense. Defendant has multiple felony convictions, has repeatedly violated the terms of his parole, and was caught with drugs in his cell—packaged for distribution—as recently as April 2024, after having been convicted by a jury and awaiting sentencing in this matter. Defendant has repeatedly established he lacks respect for the law, and a significant sentence is necessary to promote that respect. Moreover, defendant's record has established that he is likely to continuing committing crimes if given the opportunity. Thus, specific deterrence to defendant and a need to protect the public from defendant's crimes is important. General deterrence is also important in this case. Defendant's conduct—carjacking and attempted carjacking by a felon who used a firearm that had been illegally rendered fully automatic—is a very serious crime, and the public needs to understand that these crimes justify a substantial sentence.

### III. Supervised Release

The government recommends a three-year term of supervised release and agrees with the conditions of supervised release set forth in the PSR. The recommended conditions will assist the Probation Officer with monitoring the defendant's conduct and compliance without being overly burdensome.

## IV.    Conclusion

For the reasons set forth above, the government respectfully requests the Court sentence defendant to a term of imprisonment of 216 months on Counts One and Three (the carjacking counts) and 120 months on Count Five (felon in possession of a firearm) to run concurrently, to be followed by a mandatory consecutive sentence of 84 months' imprisonment on Count Four, for a total term of imprisonment of 300 months, to be followed by a three year term of supervised release. The government also requests that the Court order restitution to the victims in the amount of $4,642.64.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:    */s/ Paige A. Nutini*
PAIGE A. NUTINI
JIMMY L. ARCE
Assistant U.S. Attorneys
219 South Dearborn Street, Room 500
Chicago, IL 60604
(312) 353-5300

Dated: December 20, 2024

7